**Dalsher SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–73878.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 14, 2006.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Martin Resendez Guajardo, Esq., Law Offices of Martin Resendez Guajardo a Professional Corporation San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Felicia L. Sadler, U.S. Department of justice Shelley R. Goad, Esq. U.S. Department of Justice Civil Div./Office of Immigration Lit. Washington, DC, for Respondent.

Before: LEAVY, McKEOWN, and GOULD, Circuit Judges.

MEMORANDUM**

Dalsher Singh, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") order denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") based on an adverse credibility determination. We have jurisdiction pursuant to 8 U.S.C. § 1252, and deny the petition for review.

We review for substantial evidence an adverse credibility determination and will reverse only if the record compels a contrary conclusion. *Singh–Kaur v. INS*, 183 F.3d 1147, 1149–50 (9th Cir.1999).

Singh contended that he was persecuted because Indian police believed he supported militants. He claims that he met some of the militants when he joined the All India Sikh Student Federation ("AISSF"). Substantial evidence supports the IJ's adverse credibility determination because Singh's testimony at his asylum hearing was internally inconsistent regarding how many times militants actually came to his home. Also, Singh's testimony regarding the AISSF's legal status during a 1985 election and when the AISSF president was released from custody conflicted with historical facts included in the U.S. State Department Report on country conditions. The "identified inconsistencies go to the 'heart of [the] asylum claim'" because they relate to the reason Singh was allegedly arrested and beaten by Indian police. *See Li v. Ashcroft*, 378 F.3d 959,

962 (9th Cir.2004). The record does not compel a finding that Singh was credible, and therefore the asylum claim fails. *See Singh–Kaur*, 183 F.3d at 1149–50.

Because the asylum claim fails, Singh's claim for withholding of removal, which requires a higher standard of proof, fails as well. *See Prasad v. INS*, 47 F.3d 336, 340 (9th Cir.1995).

Singh's petition for protection under CAT also fails because Singh relied upon the same statements which the IJ determined not to be credible. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**